**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JASON WILLIAMS** | : | **Case. No. 1:07-cv-146** |
| **Plaintiff** | : | |
| | : | **Barrett, Judge** |
| **v.** | : | |
| | : | **Hogan, Magistrate Judge** |
| **JEFF BOWLING, et al.,** | : | |
| **Defendant** | : | |
| | : | |

**ORDER**

This matter is before the court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 33).  The Defendant has responded (Doc. # 34) and the Plaintiff has not replied.

I.      FACTUAL BACKGROUND

This case involves a high speed pursuit between the Plaintiff, the defendant and a Middletown, Ohio police officer on the evening of May 25, 2005.  Plaintiff and his girlfriend, were driving to his sister's house in Trenton, Ohio.  As Plaintiff drove on Oxford State Road past the trailer park where he lived, he observed two police officers pulling out of the trailer park's driveway.  Plaintiff recognized one of the police officers as Defendant Bowling, who drove away in the opposite direction.  Moments later, Bowling pulled alongside Plaintiff's vehicle with the Middletown police officer pulling directly behind Plaintiff.  At the time, there was an

1

outstanding warrant for plaintiff on a burglary charge.  Bowling activated his cruiser lights and instructed plaintiff to pull over.  Plaintiff did not pull over, but rather accelerated because he "realized [he] was probably wanted for something, so [he] was trying to get away." (Doc. 18 at 61).  The speed limit on the road went from 45 mph to 35 mph and down to 25 mph.  Plaintiff was driving at approximately 95 mph to 100 mph.  Plaintiff tried to make a left hand turn, but lost control of the vehicle and hit a railroad junction box, which brought the vehicle to a stop and seriously injured his passenger.

Plaintiff exited the vehicle from the driver's side and ran around the front end of the vehicle in the direction of a residential yard.  Bowling's cruiser drove past Plaintiff's vehicle on the driver's side, turned, and hit Plaintiff who was fleeing on foot.  Plaintiff stated that he was caught on something under the car and dragged by the car, over the curb of the street and into the residential yard.  The cruiser then hit a trailer in the yard and came to a stop.  Plaintiff extricated himself from the undercarriage of the car and proceeded to flee on foot.  He alluded police for approximately six months.

Once apprehended, plaintiff was charged with felonious assault, failure to comply with an order or signal of a police officer, failure to stop after an accident, and driving under suspension.  He subsequently pled guilty to attempted vehicular assault, failure to stop after an accident, failure to comply, and driving under suspension in the Butler County Court of Common Pleas.  See *State v. Williams*, Case no. CR2005-12-2157 (Butler County C.P. April 19, 2006).

According to Plaintiff's testimony, the entire chase lasted about two minutes and the distance traveled was about two miles.  Plaintiff alleges that Defendant Bowling's actions

2

violated his rights under the Fourth, Eighth and Fourteenth Amendments to the United States

Constitution, his equal protection rights and his rights under sate law.


II.    PROCEDURAL BACKGROUND

Plaintiff and Defendant both filed motions for summary judgment that were considered

by the Magistrate Judge when he made his recommendation.  The Magistrate Judge

recommended to grant the Defendant's motion for summary judgment and to deny the Plaintiff's

motion for summary judgment (Doc. # 29).


III.    STANDARD OF REVIEW

When objections are received to a Magistrate Judge's Report and Recommendation on a

dispositive matter, the assigned District Judge "shall make a *de novo* determination. . .of any

portion of the Magistrate Judge's disposition to which specific written objection has been made. .

. ."  Fed. R. Civ. P. 72(b).

*De novo* review requires:

at least a review of the evidence before the Magistrate Judge; the Court may not
act solely on the basis of a Magistrate's Report and [Recommendation].  The
Court may supplement the record by entertaining additional evidence, but is not
required to do so.  After reviewing the evidence, the Court is free to accept, reject,
or modify the findings or recommendations of the Magistrate Judge.  If the Court
accepts a Report and Recommendation, the Court is not required to state with
specificity what it reviewed; it is sufficient for the Court to state that it engaged in
a de novo review of the record and adopts the Report and Recommendation.

*Shoucair v. Snacker*, Not Reported in F. Supp.2d, 2006 WL 2604678 (E.D. Mich.))(citing 12

Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *Hill v.*

*Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); *Lardie v. Birkett*, 221 F. Supp.2d 806, 807

(E.D. Mich. 2002)(Gadola, J.))(internal citations omitted).  After review, the District Judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).

General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate's report has the same effect as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).  Only specific objections are entitled to de novo review under the Magistrate's Act, 28 U.S.C. §636. *Fairfield v. Wacha*, 2008 WL 584940, Case No. 1:07-cv-948 (Feb. 28, 2008).  A district court need not provide a *de novo* review of an R & R where the objections are frivolous, conclusory, or too general.  *Id.*  The burden is on the party objecting to indicate and specify that portion of the R & R to which it objects and that it wishes the district court to consider.  *Id.*

> "A general objection to the entirely of the magistrate's report has the same effect as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act."

*Id*. At *2.

Each objection to the magistrate's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue.  For example, incorporating by reference or reproducing an earlier unsuccessful motion for summary judgment is not a sufficient objection and will be treated as an "unavailing general objection." *Id.*  Therefore, incorporating by reference is not sufficient to preserve an objection or right to appeal the report. *Id.*

4

The instant case involves a *pro se* Plaintiff.  When considering *pro se* complaints, the courts are to apply a liberal standard.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As this Court has recognized: "A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements."  *Ashiegbu v. Purviance*, 74 F.Supp.2d 740, 746 (S.D. Ohio 1998), *citing*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).


IV.     OBJECTIONS

Plaintiff has objected to the Report and Recommendation.  Therein, he states that he relies upon the authority in his motion for summary judgment and his opposition to the Defendant's motion for summary judgment.  Plaintiff also attaches two miscellaneous articles, not case law, and submits them as authority for his argument that if another court can find a "swerve" by a police officer toward a fleeing felon to be a crime, then Defendant's hitting Plaintiff with his cruiser is also a crime.


V.      ANALYSIS

After considering the Plaintiff's objections and the Defendant's response thereto, this Court finds that the Plaintiff's objections are not well taken and shall be overruled.  Even when giving the Plaintiff the leeway afforded *pro se* plaintiffs, it is clear that the Plaintiff herein has not established that a *de novo* review of the R & R is proper.  Plaintiff has generally objected to the entirety of the Magistrate's Report and Recommendation, which is improper and the

equivalent of no objections being made at all. *Howard,* 932 F.2d at 509.

Moreover, in making his general objection, Plaintiff references the Court to arguments he made in prior filings with the Magistrate Judge.  This also is not sufficient to present the Court with objections that warrant *de novo* review.  To require *de novo* review of arguments already made or to objections generally serves to undermine the purpose of the initial magistrate referral process. See *Fairfield,* 2008 WL 584940.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Plaintiff's objections to the Report and Recommendation **(Doc. #33)** are

        **OVERRULED** and the Magistrate's Report and Recommendation **(Doc. # 29)** is

        hereby **ACCEPTED AND ADOPTED**;


**IT IS SO ORDERED.**

                                        *__s/Michael  R. Barrett* _____

                                        **MICHAEL R. BARRETT, JUDGE**